FILED
Feb 18, 2022
12:06 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| William Craig Nuchols | ) | Docket No. 2021-03-0523 |
| | ) | |
| v. | ) | State File No. 800270-2021 |
| | ) | |
| Jayell Ranch | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

**Affirmed and Remanded**

---

The claimant worked for a company that offers horseback riding tours to customers. He injured his left arm while leading a group of riders on a guided tour. The employer alleged the claimant was an independent contractor, not an employee, and was therefore not entitled to workers' compensation benefits. The trial court determined the claimant had come forward with sufficient evidence that he was an employee at the time of the accident. As a result, the court ordered the employer to initiate medical benefits and also determined that, because the employer did not have workers' compensation insurance at the time of the accident, the claimant was eligible to seek benefits from the Uninsured Employers Fund. The employer has appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Ryan L. Sarr, Knoxville, Tennessee, for the employer-appellant, Jayell Ranch

John R. Rosson, Jr., Knoxville, Tennessee, for the employee-appellee, William Nuchols

**Memorandum Opinion**[1]

William Nuchols ("Claimant") worked for Jayell Ranch ("Employer") as a horseback riding guide. On March 24, 2021, Claimant was leading a guided horseback

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

tour when a child requested to be removed from one horse and placed on a parent's horse. While he was lifting the child, the horse started to run, and Claimant fell to the ground. He immediately complained of severe pain in his left shoulder. Claimant was taken to a local emergency room and was diagnosed with a left shoulder dislocation. He was then referred to an orthopedic physician.

Employer declined to authorize medical treatment for Claimant's injury and asserted Claimant was an independent contractor. Following Claimant's filing of a petition for benefits, the Bureau of Workers' Compensation completed an investigation that revealed Employer had no workers' compensation coverage in place as of the date of Claimant's accident.

Thereafter, the trial court conducted an expedited hearing at which Claimant and Employer's representative apparently testified.[2] Claimant asserted Employer hired him at a set hourly rate, told him what days to work, and provided all tools necessary to perform his job. He denied any company representative advised him he was being hired as an independent contractor. Conversely, Employer's representative testified Claimant was hired as an independent contractor and was told he would receive as compensation a set monetary amount every day he worked, plus tips.

Following the expedited hearing, the trial court issued an order in which it concluded Claimant had come forward with sufficient evidence to show a likelihood of proving at trial that he was an employee, not an independent contractor. The court accepted Claimant's testimony that Employer controlled Claimant's work schedule and furnished all tools Claimant needed to perform his work. The court determined, however, that Employee had not established an entitlement to temporary disability benefits. The court ordered Employer to provide Claimant a panel of physicians for authorized treatment, and it determined Claimant was eligible to seek benefits from the Uninsured Employers Fund. Employer has appealed.

On appeal, Employer asserts the trial court erred in determining Claimant was an employee entitled to medical benefits.[3] However, Employer has not filed a transcript of the hearing, a joint statement of the evidence, or a brief on appeal. As we have noted on numerous occasions, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Payne v. D and D Electric*, No. 2014-01-0023, 2014 TN Wrk. Comp.

---

[2] We have not been provided a transcript of the expedited hearing. We have gleaned the facts and procedural history from the technical record and the trial court's expedited hearing order.

[3] Employer was not represented by an attorney when Claimant's petition for benefits was filed, when alternative dispute resolution was conducted, and when the expedited hearing occurred. However, although no notice of appearance has been filed, an attorney filed the notice of appeal on Employer's behalf.

App. Bd. LEXIS 6, at *6 (Tenn. Workers' Comp. App. Bd. Dec. 17, 2014) (quoting *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007)). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Id.* at *7. *See also Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Dec. 21, 2012) ("without a transcript or a statement of the evidence, we cannot review the evidence"). In circumstances where no transcript of the hearing has been provided, we are to presume there was sufficient evidence supporting the trial court's factual determinations. *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996).

Moreover, Employer has not filed a brief on appeal explaining how the trial court allegedly erred. Its notice of appeal, standing alone, is insufficient to constitute a legal argument. As we have noted previously, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Lara v. Progress Rail Servs. Corp.*, No. 2016-02-0501, 2019 TN Wrk. Comp. App. Bd. LEXIS 33, at *4 (Tenn. Workers' Comp. App. Bd. July 18, 2019) (quoting *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). Were we to search the record for possible errors and raise issues and arguments for Employer, we would be acting as its counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

In short, Employer has presented no argument that the trial court erred in its factual determinations or legal conclusions. For the foregoing reasons, we affirm the trial court's order and remand the case.[4] We further conclude, pursuant to Tenn. Comp. R and Regs. 0800-02-22-.09(4), that Employer's appeal is frivolous. *See, e.g.*, *Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017). Employee did not seek penalties or sanctions associated with the filing of a frivolous appeal, and we exercise our discretion to award no such penalties or sanctions. Costs on appeal are taxed to Employer.

---

[4] Neither party has raised any issue on appeal regarding the trial court's determination that Employee is eligible to seek funds from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801 *et seq.*; therefore, we need not address it.



| William Craig Nuchols | ) | Docket No. 2021-03-0523 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 800270-2021 |
| | ) | |
| Jayell Ranch | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of February, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Ryan L. Sarr | | | | X | ryansarr@tawpc.com rebekahrosam@tawpc.com |
| John R. Rosson, Jr. | | | | X | rossonlaw@aol.com rjoyce1960@aol.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov